Upson, C. J.
This is a proceeding in error to reverse the judgment- of the •court of common pleas, rendered against Frank A. Combes, in an action brought against him by Alva C. Miller, to recover •damages sustained by reason of an unsatisfactory answer made by Combes as garnishee in the case of Miller against Sawtell.
The ground upon which plaintiff in error seeks to reverse 'this judgment, is that, the decision of the court below is not sustained by. sufficient evidence. The defendant below made ..a motion for a new trial on that ground, and it was overruled.
The bill of exceptions -does not contain all the evidence .given on the trial, but it purports to contain, and probably ■does contain, all the evidence that was given upon those points the counsel desired to make in these proceedings.
In the case of Ide v. Churchill, reported in the 14th ■Ohio State, page 372, the Supreme Court decided that, in order to review the decision of the court below, or the verdict •of the jury, upon the ground .that the decision, or the finding of the jury was not sustained-by the facts, there must be a bill of exceptions, showing upon its face that it contains all the evidence given upon the trial and acted upon by the court •below.
It is also made clear by previous adjudications, as well as by the statutes, how, and how only, the party can entitle him.'self to this review. Having no right to this upon the principles of the common law, he must secure the right by conforming to the statute which gives it. To do this, he must have exhausted his remedy in the court below where the evidence is heard; and this is never done until tbe court has refused him a new trial, upon a motion, assigning for cause that the finding is not supported by sufficient evidence. Until this is done, a reviewing eourt is bound to presume, that he could have had justice in the court below, if he had seen •-fit to ask for it. It is the decision upon this motion to which ;alone the statute gives him the right to except. It is entirely immaterial whether the facts are found by a jury or the court, *448 or whether the relief sought in the ease' is- legal or equitable the same uniform course must be pursued, and until the party has invoked judicial action upon his motion to set aside the' finding, he has laid no foundation for an exception, and has no authority of law for blunging evidence upon the record. A motion to set aside the finding and for a new trial, a decision, of the court overruling that motion, and an exception taken, to that decision are, then, indispensable prerequisites to the-signing of a bill of exceptions for this cause; and unless they appear by the record to have been complied with, the appellate court has no power to re-investigate the facts upon the-evidence, or to reverse thejudgment, however manifest it may be that it should not have been rendered. If no such exception is taken, the party must be presumed to have been satisfied with the decision, or, at least, to have waived all objection to it.
From the very nature of this exception, the bill of exceptions must bring before the reviewing court all the evidence-acted upon in the court below and upon which its ruling was-founded ; and as nothing but the record can be regarded, it is-a matter of course that the bill of exceptions must show, upon, its face, either expressly or by necessary implication, that it-contains the whole evidence.
In the 12th Ohio State Reports, page 98, in the case of Tilton and others v. Morgaridge, in the opinion of the court, it’ was said that the bill of exceptions contained all the evidence-given on the trial, and that the judge therein certified it to-contain “ all the evidence introduced' by the plaintiff for the-purpose of proving or tending to prove the arrest of the plaintiff upon said warrant issued by Joseph Clark, Justice,, and all. the proofs of the defendant tending to disprove the matters-charged.” In that case it was desired, by the counsel to review the ^decision-on that‘particular point"; but'fche court says,. “ it is not certified, nor does it appear by necessary implication,-that the bill of exceptions contains all the evidence given, upon the trial, which is indispensably neecessary to enable- *449 this court to determine whether the court below did or did nob err in overruling the motion for a new trial for the alleged'-1 cause that the verdict is against the evidence. We can not,, therefore, in this case, look to the evidence set out by the bill of exceptions.”
W. W. Boynton and Edgar Sowers, for Plaintiff in Error.
W. G. Rogers and R.[D. Updegraf, for Defendant in Error-
In the case of Eastman v. Wight in the 4th Ohio St., 159, it is said the bill of exceptions does not state that all the evidence given at the trial is set forth — the language of the bill being that the witnesses, respectively “ testified in substance”" as therein set forth; and in one instance, that a witness being; re-called, “ made some explanations, and testified in substance-as follows:” And the court says, “ To enable this court to review the judgment of the court below, overruling the motion-for a new trial, because the verdict is against the evidence, it must appear, either expressly or by necessary implication, that, the bill of exceptions contains all the evidence given to the-jury upon the trial. This has been the constant course of decision, and is affirmed in several reported cases.”
“Now,” as Judge Ranney says, “if it is necessary to sustain the decision of the court, it will be presumed that other-evidence was given upon the trial wnieh justified the court im overruling the motion. Hence we are not at liberty to consider the question as to whether this decision was sustained by-sufficient evidence, or not.”
After the judgment was rendered in this case, a motion was-filed to set aside that judgment .and to grant a new trial because of and for the mistake of the Clerk, that there was an? irregularity in obtaining said judgment, because said judgment was rendered before said cause stood for trial.
What irregularity there may have been is not apparent from the record ; and the record shows, thereupon the judgment was rendered. And we, therefore, are of the opinion that the court did not err in the matter of the decision, nor in overruling this motion, and the action by the Court of Common Pleas will be-affirmed in both cases.